UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT SUTTON, on behalf of himself and others similarly-situated, | : : : | Case No. 1:20-cv-682 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| DIVERSITY AT WORK GROUP, INC. d/b/a UNITED COURIER, *et al.*, | : : : | |
| Defendants. | | |

**ORDER GRANTING CONDITIONAL CLASS CERTIFICATION**

This civil action is before the Court on Plaintiff's pre-discovery motion to send notice to similarly situated employees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Doc. 3), and the parties' responsive memoranda. (Docs. 21, 22). Also pending before the Court is Defendants Diversity at Work Group, Inc. d/b/a United Courier, Scott Laminack, Jim Meyers, and Lynn Meyers's motion for extension of time to file a response to Plaintiff's motion to send notice to similarly situated employees (Doc. 9), and Plaintiff's responsive memorandum. (Doc. 14).

As an initial matter, the Court notes that Plaintiff improperly seeks approval of his proposed class notice before certifying a conditional class. Under the FLSA and Sixth Circuit precedent, the Court must first determine whether to conditionally certify the collective action before considering facilitating the proposed notice. *See Hughes v. Gulf Interstate Field Servs., Inc.*, No. 2:14–cv–432, 2015 WL 4112312, at *2, 2015 U.S. Dist. LEXIS 88205, at *6 (S.D. Ohio July 7, 2015). However, the parties discuss the merits of

certifying the conditional class in their briefs. Accordingly, the Court will consider Plaintiff's motion to send notice as a motion for conditional class certification.

## I. BACKGROUND

Plaintiff Robert Sutton brings this action under the FLSA, and related state wage laws, on behalf of a putative class of similarly situated individuals seeking to recover unpaid minimum wages, overtime wages, reimbursable expenses, and liquidated damages. (Doc. 1 at ¶ 2).

Defendant Diversity at Work Group, Inc. d/b/a United Courier operates a delivery and courier service across Ohio, Indiana, Michigan, Pennsylvania, and elsewhere. (*Id.* at ¶¶ 3, 78). Defendant Lynn Myers is the President of United Courier and Director of Diversity at Work Group. (*Id.* at ¶¶ 27-28). Her husband, Defendant Jim Meyers, is the Vice President of United Courier. (*Id.* at ¶¶ 46-47). Her son, Defendant Scott Laminack, is the General Manager of United Courier. (*Id.* at ¶¶ 61-62). Plaintiff also names unidentified corporations and persons as defendants should discovery reveal additional defendants. (*Id.* at ¶¶ 74-77). Unless otherwise indicated, the Court will refer collectively to all the defendants as "United Courier."

Plaintiff Sutton was employed by United Courier from approximately May 2017 until August 2019. (*Id.* at ¶ 118). Sutton's duties consisted of completing deliveries scheduled through United Courier. (*Id.* at ¶ 122).

Sutton alleges that he regularly worked over 40 hours per week but was not paid time and half his regular rate for his overtime hours. (*Id.* at ¶ 137). Additionally, Sutton contends that he was required to provide his own vehicle to complete his deliveries and

maintain the vehicle in safe and working condition, including purchasing gasoline, vehicle parts and fluids, insurance, licensing and registration, and other necessities to complete his job duties.  (*Id.* at ¶¶ 130-133).

Sutton contends he was not reimbursed by United Courier for the cost of driving and maintaining his own vehicle.  (*Id.* at ¶ 135).  Because he was not reimbursed, Sutton contends that after deducting vehicle expenses, he was paid less than minimum wage.  (*Id.* at ¶ 136).  Sutton contends all United Courier delivery drivers are required to use their own vehicles, are not reimbursed for expenses, and work over 40 hours per week.  (*Id.* at ¶¶ 89, 105; Doc. 3-1 at ¶ 89).

Additionally, Sutton contends that although the agreement between the parties is labeled as an independent contractor agreement, United Courier misclassifies its delivery drivers as independent contractors.  (*Id.* at ¶ 86).  Instead, Sutton argues United Courier's policies and procedures related to delivery drivers indicate that that the drivers are employees.  (*Id.* at ¶ 94).

## II.  STANDARD OF REVIEW

The FLSA allows employees, under certain circumstances, to collectively sue an employer to recover unpaid minimum wages and overtime compensation.  *See* 29 U.S.C. § 216(b).  In relevant part, the statute provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover . . . may be maintained against any employer (including a public agency) in any Federal or State

3

> court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Accordingly, 29 U.S.C. § 216(b) establishes two requirements for a collective action: (1) the plaintiffs must be "similarly situated" and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

The Sixth Circuit has implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action. *Hughes*, 2015 WL 4112312, at *2 (citing *In re HCR ManorCare, Inc.*, No. 11-3866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011)). At the first stage, the court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011). At the second stage, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiffs' claims. *Id.*

When considering a pre-discovery motion for conditional certification, the court does not consider the merits of the claims, resolve factual disputes, or analyze credibility. *Swigart*, 276 F.R.D. at 214. Doing so would "intrude improperly into the merits of the action." *Lacy v. Reddy Elec. Co.*, No. 3:11-CV-52, 2011 WL 6149842, at *3 (S.D. Ohio Dec. 9, 2011) (quoting *Murton v. Measurecomp LLC*, No. 1:07-CV-3127, 2008 WL 5725631, at *5 (N.D. Ohio June 9, 2008)); *see also Hamm*, 275 F. Supp. 3d 863, 869

4

(S.D. Ohio 2017) ("The Court does not weigh evidence or evaluate the merits of the parties' claims at the conditional certification stage.").

### III. ANALYSIS

The parties agree that, under the FLSA, conditional class certification is warranted. (Doc. 21 at 1; Doc. 22 at 1). The parties disagree on the definition of the putative class, including the breadth of similarly situated individuals and the form of Sutton's proposed notice. Sutton proposes the following definition of the putative class members:

> All current and former United Courier delivery drivers who worked within three years prior to the filing of this Class Action Complaint and the date of the Court's order approving Notice.

(Doc. 3 at 1).

United Courier argues that the class is too broad for two reasons: (1) the class should be limited to drivers with independent contractor agreements – not all drivers; and (2) the proposed class should run from the date the class is conditionally certified – not the filing of the complaint. As discussed in further detail, Sutton made a modest showing that all drivers should be included in the class. However, the proposed class will run three years from the date the class is certified, not the date of filing the complaint.

The parties also disagree on certain aspects of the form of the proposed notice submitted by Sutton: (1) the opt-in period, (2) language related to what this case is about, and (3) the responsibilities of those opting-in. As discussed in further detail, the Court approves a 60 day opt-in period, strikes language related to tipping, and approves adding

5

language related to discovery responsibilities of class members in the notice.

### A. All Current and Former Delivery Drivers Are Similarly Situated

Sutton has demonstrated that he is similarly situated to all current and former delivery drivers of United Courier, not only those with independent contractor agreements.

The FLSA does not define the term "similarly situated." However, the Sixth Circuit has found that employees are similarly situated if they "suffer from a single[] FLSA-violating policy," or if their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Ford v. Carnegie Mgmt. Servs.*, No. 2:16-CV-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)).

At the first stage of the similarly situated analysis (the stage at issue here), a plaintiff must only make a "modest showing" that he/she is "similarly situated to the proposed class of employees." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011). This standard is "fairly lenient" and "typically results in conditional certification." *Id.* (quoting *Comer*, 454 F.3d at 547). Ultimately, the issue of whether to grant conditional certification is within the district court's discretion. *Comer*, 454 F.3d at 546.

To support his assertion that the putative class members are similarly situated, Sutton submitted evidence in the form of his own declaration, with supporting documents, addressing his job duties, working hours, rate of pay, personal payment to

6

upkeep delivery vehicles, and personal payment for uniforms. (*See generally* Doc. 3-1). Sutton declares he spoke with at least eight to ten other United Courier delivery drivers who were similarly treated. (*Id.* at ¶ 22).

United Courier argues the class should be limited to only those delivery drivers who signed an independent contractor agreement, like Sutton. (Doc. 21 at 2-3). Sutton responds that regardless of the type of the agreement signed, United Courier "classifies" all delivery drivers as independent contractors and all drivers are bound by the same policies and procedures, and thus, all drivers should be included in the class. (*Id.* at ¶¶ 22-23; Doc. 3-5; Doc. 3-6).

The Court finds that Sutton has not inappropriately included all delivery drivers. Discovery may ultimately show otherwise, but Sutton has satisfied his modest burden of showing all delivery drivers should be included at this initial stage.

### B. The Conditional Class Runs from the Certification Date

United Courier argues – and this Court agrees – that the proposed class period should run three-years from this Court order conditionally certifying the class, not from the filing of the Complaint as proposed by Plaintiff. "[T]he weight of authority within the Southern District of Ohio indicates the class period should run from the date of an Order granting conditional certification and not the filing of this lawsuit." *Bradford v. Team Pizza, Inc.*, No. 1:20-CV-00060, 2020 WL 5987840, at *3 (S.D. Ohio Oct. 9, 2020). *See also Crescenzo v. O-Tex Pumping, LLC*, No. 15-CV-2851, 2016 WL 3277226, at *5 (S.D. Ohio June 15, 2016) (Marbley, J.) ("Courts in the Sixth Circuit have found that class certification is appropriately limited to three years prior to the date of

approval of the notice, and not the filing of the lawsuit.") (citing *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *3 (S.D. Ohio Feb. 26, 2015)).

For the first time in his reply brief, Sutton argues the class period should run from the date of the Complaint because the period should be equitably tolled. The Court disagrees. "District Judges within this circuit regularly conclude that equitable tolling is improper when potential opt-in plaintiffs have not yet been identified or notified." *Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1075 (S.D. Ohio 2019) (citing *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1046 (S.D. Ohio 2018); *Richert v. LaBelle HomeHealth Care Serv. LLC*, No. 2:16-cv-437, 2017 WL 4349084, at **6–7 (S.D. Ohio Sept. 29, 2017)). The Court cannot properly consider equitable tolling of claims not yet before the Court and may later decide whether equitable tolling is warranted. *Bradford v. Team Pizza, Inc.*, No. 1:20-CV-60, 2020 WL 3496150, at *6 (S.D. Ohio June 29, 2020), *report and recommendation adopted*, No. 1:20-CV-00060, 2020 WL 5987840 (S.D. Ohio Oct. 9, 2020)

Accordingly, the Court will certify a conditional class including all current and former delivery drivers running three years from the date of this Order certifying the conditional class.

## C. Form of Notice

United Courier raises three objections to the form of Sutton's proposed notice: (1) the opt-in period, (2) language related to what the case is about, and (3) consequences of joining the lawsuit. Courts may facilitate notice to putative collective class members so long as the Court avoids communicating to absent class members any encouragement

8

to join the suit or any approval of the suit on the merits. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 172, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). The Court may supervise notice so that potential plaintiffs are provided "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. at 170. The Court will address each objection in turn.

### (1) Plaintiff's requested opt-in period

United Courier requests a 45-day opt-in period. Sutton requests a 60-day opt-in period with an opportunity to extend any deadline by 30 days if the notice is returned as undeliverable. (Doc. 21 at 5; Doc. 22 at 2-3). The Court agrees a 60-day notice is reasonable but declines to facilitate an undeliverable period.

Courts approve varied opt-in periods dependent on the circumstances. *See, e.g., Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 900 (S.D. Ohio 2018) ("forty-five day opt-in period will satisfy the need to prevent delay in this litigation while also allowing potential plaintiffs time to fully consider their options"); *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1076 (S.D. Ohio 2016) (approving 90-day opt-in period).

The Court recognizes the need to avoid undue delay with the litigation. However, given the current pandemic, the Court finds a 60-day opt-in period adequate in this case. However, the Court disagrees with Sutton's request that he be provided an additional 30 days upon receipt of an undeliverable notice. This request was raised for the first time on reply and could, in theory, extend the opt-in period to 90 days. Also, given that United

9

Courier does not dispute Sutton's request to send notice by both mail and email, and Sutton does not argue expected difficulties in locating the class, allowing up to 90 days would be too long.[1]

Accordingly, the Court approves a 60 day opt-in period.

### (2) Plaintiff's proposed language on the nature of the suit

United Courier suggests that the proposed notice regarding "What is this case about?" should be modified, striking bullets two and three related to Plaintiff's allegations against United Courier. (Doc. 21 at 5-6). The proposed notice reads as follows:

> The plaintiff alleges that United Courier erroneously labeled its employees as independent contractors and that Defendants have violated the wage laws in the following ways:
>
> - United did not pay minimum wage or overtime as required by wage laws; and
>
> - United Courier required the delivery drivers to drive their personal cars to complete deliveries for United Courier and failed to properly reimburse delivery drivers for their delivery expenses.
>
> - As a result, Defendants are not permitted to pay the delivery drivers a tipped wage rate.

(Doc 22-1 at 2).

---

1 The parties also discuss whether the opt-in period is a "hard" or "soft" deadline. In other words, the issue is whether a consent form filed after the opt-in period may be included in the case. Like equitable tolling, the Court will not make any determination on a future hypothetical situation not yet before the Court.

10

First, United Courier contends – and Plaintiff does not dispute – that the third bullet related to paying delivery drivers a tipped wage rate is in error. (Doc. 21 at 6; Doc. 22 at 4). Accordingly, this bullet should be stricken from the proposed notice.

Second, United Courier argues that the first bullet is sufficient to summarize the current dispute over unpaid minimum and overtime wages, and thus, the Court should strike the second bullet because it does not add meaningful substance to what the dispute is about. (Doc. 21 at 5-6). United Courier also suggests this second bullet will confuse current drivers into believing "that there is a stand-alone requirement [under the FLSA] to reimburse a driver for vehicle expenses." (Doc. 21 at 6). In response, Sutton contends the language is "necessary to explain why Defendants failed to pay minimum wages;" however, Sutton acknowledges that a "reimbursement is not itself a claim." (Doc. 22 at 4). Neither party provides case law in support of their proposition.

The Court agrees that language related to the reimbursement of personal expenses is necessary for putative plaintiffs to make an informed decision whether to consent to the action. *Hoffman-La Roche*, 493 U.S. at 170. The alleged failure to reimburse personal expenses is the basis of Sutton's minimum wage claim. Without additional context, delivery drivers being paid minimum wage and using their personal car without reimbursement may believe they cannot take part in the action. Any potential confusion regarding United Courier's position whether reimbursement is required under the FLSA is clarified in the notice that "Defendants deny the allegations and claim that they did not violate any wage and hour law." (Doc. 22-1 at 3). Accordingly, this objection is not well-taken.

### **(3)** **Responsibilities When Joining the Lawsuit**

United Courier argues that the proposed notice omits important information regarding putative class members' potential risks and responsibilities. (Doc. 21 at 6). United Courier contends that the notice should include the following:

> If you submit an opt-in form and join the lawsuit, you may be required to participate in written discovery and may be required to appear for deposition and/or trial. In addition, if you do not prevail on your claim, court costs and expenses may possibly be assessed against you.

(*Id.*). Sutton agrees to modify the notice to include the first sentence related to discovery obligations but disagrees on including the second related to court costs. (Doc. 22 at 5). This Court agrees. "Language informing potential putative class members of fees and costs could unfairly dissuade participation." *Slaughter v. RMLS Hop Ohio, L.L.C.*, No. 2:19-CV-3812, 2020 WL 1929383, at *10 (S.D. Ohio Apr. 21, 2020) (citing recent Sixth Circuit cases declining to include language related to costs in proposed notice).

Accordingly, language regarding the putative class members discovery obligations must be added; however, language regarding potential fees should not be included.[2]

### IV. CONCLUSION

Based upon the foregoing, Plaintiff's motion for approval of notice/conditional class certification (Doc. 3) is **GRANTED in substance**. Specifically, the Court conditionally certifies the following class:

---

[2] In their briefs, the parties discuss whether a second round of FLSA is permissible. Both parties also state this issue is not ready for review, because a second round of notices is neither sought nor authorized. Accordingly, the Court need not discuss a second round of notices at this time.

>All current and former United Courier delivery drivers who worked within three years prior to the date of the Court's order approving Notice.

Within 30 days of this Court's Order, Defendant will identify all Putative Class Members by providing a list in electronic and importable format, of the names, addresses, and all known e-mail addresses.

Plaintiff is authorized to send the Notice (with the changes detailed above) to Putative Class Members by postal mail and e-mail to putative class members.

Defendants' motion for extension of time to file a response/reply as to Plaintiff's motion to certify a conditional class (Doc. 9) is **DENIED as moot**.

**IT IS SO ORDERED.**

Date: 12/15/2020 

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge